STATE OF NORTH CAROLINA v. LARRIE D. GIBBS
AND WILLIAM TAYLOR

No. 7312SC398

(Filed 11 July 1973)

1. **Robbery § 4— aiding and abetting in robbery — sufficiency of evidence**

    The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of armed robbery where it tended to show that defendant and his codefendant approached the victim at a bus stop, that the codefendant engaged the victim in conversation, pulled a pistol, and forced the victim to surrender money and a cigarette lighter, that before anything was taken from the victim the defendant came up to the codefendant and they exchanged words, that defendant then went to the corner and waited, that defendant and the codefendant fled together and were discovered together shortly thereafter in a pool hall, that the codefendant was holding a coat worn by defendant at the time of the robbery, and that the gun used in the robbery, the stolen cigarette lighter and some money were found in the pocket of the coat.

2. **Criminal Law § 84; Searches and Seizures § 1— coat in immediate control — search incident to arrest**

    Where defendant stood up and placed a trench coat on a poolroom bar when he saw officers enter the poolroom, and defendant was ordered up against the wall and frisked, the trench coat was in the "immediate control" of defendant so as to permit officers to search the coat without a warrant as an incident of defendant's arrest, and a pistol and cigarette lighter found in a pocket of the coat were properly admitted in defendant's trial for armed robbery.

APPEAL by defendants from *Braswell, Judge,* 8 January 1973 Criminal Session, Superior Court, CUMBERLAND County.

Defendants were charged in separate bills of indictment with the armed robbery of Terry L. Hilderbrand. After pleading not guilty, they were found guilty by a jury, and from judgments imposing active sentences of 15 years for Taylor, and 5 years for Gibbs, both appealed.

State v. Gibbs

Attorney General Morgan, by Assistant Attorney General Hensey, for the State.

Kenneth Glusman, Assistant Public Defender, Twelfth Judicial District, for defendant appellants.

MORRIS, Judge.

## Appeal of Defendant Gibbs

[1] Defendant Gibbs contends on appeal that the trial court erred in denying his motion for judgment as of nonsuit because insufficient evidence was presented that would support a reasonable inference that he acted in concert with defendant Taylor, the actual perpetrator of the crime. On motion for nonsuit the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom. Only the evidence favorable to the State is considered, and contradictions and discrepancies, even in the State's evidence, are matters for the jury and do not warrant nonsuit. State v. Murphy, 280 N.C. 1, 184 S.E. 2d 845 (1971). Taking the State's evidence in its most favorable light, that evidence tended to show the following:

On 17 November 1972 at approximately 6:00 p.m., Terry Leverne Hilderbrand was waiting at a bus stop at the corner of Hay and Hillsboro Streets in Fayetteville, N. C., when approached by the defendants, Larrie D. Gibbs and William Taylor. Taylor walked directly up to Hilderbrand, and Gibbs walked behind the bus stop out of Hilderbrand's sight. Taylor engaged Hilderbrand in a short conversation and then pulled a pistol out and ordered Hilderbrand to step back from the corner. Hilderbrand was forced to surrender approximately $15 to $16 from his wallet, approximately $2 in change from his pocket, and a cigarette lighter with a missing emblem. Before Taylor actually took anything from Hilderbrand, Gibbs came up to Taylor, and they exchanged a few words. Gibbs then walked to the corner and waited. He was wearing glasses, a hat and a white trench coat at the time. After Taylor took Hilderbrand's money and lighter, he and Gibbs ran down Hillsboro Street toward Bragg Boulevard. Hilderbrand then flagged down two policemen, reported the holdup and gave the officers a description of the two men. Hilderbrand and the two policemen then proceeded in the general direction in which the defendants had fled and

checked out several bars. They entered the Action Pool Room and Hilderbrand pointed out both defendants to the officers who placed the defendants under arrest.

Taylor had a white trench coat draped over his arm, and, upon seeing the officers, he stood up and placed the coat on the bar. Taylor was ordered up against the wall and frisked. Also the trench coat was picked up by the officers and a pistol, cigarette lighter and six one dollar bills were found in the pockets. The cigarette lighter had an emblem missing. Hilderbrand also identified the pistol as the one used by Taylor. Gibbs was also searched, but no money or weapon was found on his person.

Clearly the evidence adduced above is sufficient to raise a reasonable inference that Gibbs was acting in concert with Taylor. This assignment of error is overruled.

### Appeal of Defendant Taylor

[2]   Defendant Taylor asserts on appeal that the trial court erred in allowing into evidence the pistol and cigarette lighter taken from the white trench coat in violation of his Fourth Amendment rights. Defendant concedes that a valid arrest was made but argues, on the authority of *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969), that a warrantless search incident to a valid arrest is limited to that area in the immediate vicinity from which defendant could possibly obtain a weapon and do damage to an arresting officer and that the officers exceeded this limitation in the case at hand. We do not agree.

In *Chimel* the following was stated:

"In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefor, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain pos-

session of a weapon or destructible evidence." 395 U.S. at 763, 89 S.Ct. at 2040, 23 L.Ed. 2d at 694.

Our State Supreme Court has also held:

"In the course of such search, the officer may lawfully take from the person arrested any property which such person has about him and which is connected with the crime charged or which may be required as evidence thereof." *State v. Roberts,* 276 N.C. 98, 102, 171 S.E. 2d 440 (1970).

In light of the above principles, it was clearly permissible for the officers to seize the trench coat, which had been connected to the defendants by Hilderbrand's description, and search for weapons and items related to the crime charged. Not only was the coat itself evidence, but it was in the "immediate control" of defendant at the time of his arrest.

No error.

Judges BROCK and PARKER concur.